**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**WINSTON P. FOSTER, JR.,
MARY NED FOSTER, AND
MARY FRANCES GASTON**                                                      **PLAINTIFFS**

VS.                         CASE NO.: 2-09-CV-0-0147 BSM

**DAVID H. ARRINGTON OIL AND GAS, INC.**                      **DEFENDANT**

**ORDER**

Defendant David H. Arrington Oil & Gas, Inc. ("Arrington") moves to dismiss the complaint filed by plaintiffs, Winston P. Foster, Jr., Mary Ned Foster, and Mary Frances Gaston (Doc. No. 4), and plaintiffs object (Doc. No. 9). For the reasons set forth below, Arrington's motion is denied.

I. ALLEGATIONS

Plaintiffs are Arkansas residents and Arrington is a Texas corporation doing business in Arkansas. Compl., ¶ 8-9. Plaintiffs allege they leased to Arrington the mineral rights for 3237.51 acres of land that they own in Phillips County, Arkansas. Compl., ¶ 11. They allege that Arrington gave them lease bonuses in the form of six bank drafts as consideration for the leases. Compl., ¶ 12. The six (6) Oil and Gas Leases attached to the complaint state that between January 2006 and July 2006, plaintiffs leased mineral rights "for and in consideration of cash bonus in hand paid . . .." Oil and Gas Leases, attached at Exhibits A, C, E, G, J, and M to plaintiffs' complaint ("the leases"). Plaintiffs allege that Arrington later "caused the draft[s] to be dishonored." Compl., ¶ 12.

In the complaint, plaintiffs claim breach of contract and fraud and seek compensatory as well as punitive damages. Plaintiffs claim that the leases required Arrington to pay plaintiffs the lease bonuses and that Arrington breached the contracts by not paying the bonuses. Compl., ¶ 14. In the alternative, plaintiffs claim that the contractual principles of unjust enrichment and promissory estoppel demand that Arrington pay the lease bonuses. Compl., ¶ 15. They argue Arrington made promises to pay the bonuses with cash in hand, and plaintiffs reasonably relied on the promises to their detriment. Compl., ¶ 15. Plaintiffs also claim that Arrington committed fraud when it asserted that it would pay the bonus with a draft and then dishonored the draft. Complaint, ¶ 16. Lastly, plaintiffs assert Arrington's conduct was intentional and willful, meriting an award of punitive damages. Compl., ¶ 17.

## II. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id.* (internal citations omitted).

III. CONCLUSION

Applying the analysis applied in *Hall v. David H. Arrington Oil*, Case No. 2:09-CV-00091-BSM (Doc. No. 42), Arrington's motion to dismiss (Doc. No. 4) is denied.

IT IS SO ORDERED THIS 2nd day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE