**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**WINSTON P. FOSTER, JR.,**
**MARY NED FOSTER, AND**
**MARY FRANCES GASTON**                                                **PLAINTIFFS**

VS.                      CASE NO.: 2-09-CV-0-0147 BSM

**DAVID H. ARRINGTON OIL AND GAS, INC.**                                **DEFENDANT**

**ORDER**

Plaintiffs Winston P. Foster, Jr., Mary Ned Foster, and Mary Frances Gaston move for partial summary judgment (Doc. Nos. 13, 42) on their breach of contract claim. Defendant David H. Arrington Oil & Gas, Inc. ("Arrington") objects (Doc. Nos. 23, 44), and plaintiffs have replied (Doc. No. 26, 45). The motion is controlled by this court's decision in *Hall v. Arrington Oil & Gas, Inc.*, Case No. 2-09-CV-0091-BSM (Aug. 19, 2010) (Doc. No. 55); accordingly, plaintiffs' motion for partial summary judgment is granted.

I. FACTS

Viewing the facts in the light most favorable to Arrington, the nonmoving party, the facts are as follows. Arrington executed six Oil and Gas Leases (the "Leases") with plaintiffs and their associated entities for mineral rights between January and July 2006:

1. January 25, 2006: Foster Farms Inc. for 640 acres in Phillips County, Arkansas.

2. May 15, 2006: Winston P. Foster, Jr. and Mary Ned Foster for 40 acres in Phillips County, Arkansas.

3. July 10, 2006: Winston P. Foster, Jr. and Mary Ned Foster for 1512.69 acres in

Phillips County, Arkansas.

4. July 10, 2006: Winston P. Foster, Jr. and Mary Ned Foster for 100 acres in Phillips County, Arkansas.

5. July 10, 2006: Winston P. Foster, Jr., Mary Ned Foster, and Mary Frances Gaston for 363 acres in Phillips County, Arkansas.

6. July 10, 2006: Winston P. Foster, Jr., Mary Ned Foster, and Mary Frances Gaston for 581.82 acres in Phillips County, Arkansas.

The Leases attached at Exhibits A, C, E, G, J, and M to Complaint. Each lease provides, in part:

> THIS AGREEMENT is made and entered into on this [date] (the effective date hereof) between [lessor and address] hereinafter called Lessor (whether one or more), and David H. Arrington Oil & Gas Inc., P.O. Box 2071, Midland, Texas 79702, hereinafter called Lessee.
>
> Witnesseth: That the said Lessor, for and in consideration of a cash bonus in hand paid, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of Lessee to be paid, kept, and performed, has GRANTED, DEMISED, LEASED and LET, and by these presents does GRANT, DEMISE, LEASE and LET unto the said Lessee, for the sole and only purpose of exploring by geophysical and other methods, mining and operating for oil (including but not limited to distillate and condensate) gas (including casinghead gas and helium and all other constituents), and for laying pipelines and building tanks, powers, stations, and structures thereon, to produce, save, and take care of said products, all that certain tract of land, together with any reversionary rights therein, situated in the County of Phillips, State of Arkansas, and described as follows:
> . . .
> 1.     This lease, which is a "paid-up" lease requiring no rentals, shall be in force for a primary term of <u>5 years</u> from the date hereof, and for as long thereafter as oil or gas or other substances covered hereby are produced in paying quantities from the lease premises or from lands pooled therewith or

  this lease is otherwise maintained in effect pursuant to the provisions hereof.
. . .
  13. This lease shall be effective as to each Lessor on execution hereof as to his or her interest and shall be binding on those signing, notwithstanding some of the Lessors above named may not join in the execution hereof. The word Lessor as used in this lease means the party or parties who execute this lease as Lessor although not named above.

  14. Lessee may at any time and from time to time surrender this lease as to any part or parts of the leased premises by delivering or mailing a release thereof to Lessor, or by placing a release of record in the proper County.
. . .
*Id.*

Arrington also executed addenda and memoranda with each lease. *Id.* Finally, Arrington executed eight Bank Drafts (the "Drafts") with plaintiffs and their associated entities alongside the Leases:

  1. January 26, 2006: $192,000 to Foster Farms Inc.

  2. May 15, 2006: $12,000 to Winston P. Foster, Jr. And Mary Ned Foster

  3. July 10, 2006: $453,807 to Winston P. Foster, Jr. and Mary Ned Foster

  4. July 10, 2006: $30,000 to Winston P. Foster, Jr. and Mary Ned Foster, Husband and Wife

  5. July 10, 2006: $81,675 to Winston P. Foster, Jr. and Mary Ned Foster

  6. July 10, 2006: $27,225 to Mary Frances Gaston

  7. July 10, 2006: $87,273 to Winston P. Foster, Jr. and Mary Ned Foster

  8. July 10, 2006: $87,273 to Mary Frances Gaston

The Drafts attached at Exhibits B, D, F, I, K, L, N, and O to Compl. Drafts 1 through 4, as

listed above, correspond with lease numbers 1 through 4, while drafts 5 and 6 correspond with lease number 5, the July 10 lease for 363 acres, and drafts 7 and 8 correspond with lease number 6, the July 10 lease for 581.82 acres. Each draft provides, in part:

> On approval of lease or mineral deed described hereon, and on approval of title to same by drawee not later than [30,90, or 10, depending on the draft] banking days after arrival of this draft at Collecting bank.
> . . .
> This draft is drawn to pay for Oil and Gas Lease, dated [date] and covering [land description], Phillips County, Arkansas.
>
> The drawer, payee and endorsers hereof, and the grantors of the lease or mineral deed described hereon, do hereby constitute and appoint the collecting bank escrow agent to hold this draft for the first time above specified subject alone to acceptance of payment hereof by drawee, within said time, and without any right of the drawer, payee or endorsers hereof, or said grantors, to recall or demand return of this draft prior to the expiration of the above specified time, and there shall be no liability whatsoever on the collecting bank for refusal to return the same prior to such expiration.
>
> In the event this draft is not paid within said time, the collecting bank shall return the same to forwarding bank and no liability for payment or otherwise shall be attached to any of the parties hereto.

*Id.*

The plaintiffs maintain they deposited each draft immediately after receiving it. Affidavit of Winston P. Foster, Jr. ¶ 11. The first two drafts are stamped to indicate they were paid, and Winston Foster's affidavit corroborates that fact. Drafts attached at Exhibits B, D to Compl.; Foster Aff. ¶ 11.

The six drafts issued on July 10, 2006, are all stamped as submitted for payment at the First Bank of the Delta, N.A. in West Helena, Arkansas on July 11, 2006. Drafts attached at Exhibits F, I, K, L, N, and O to Compl. All six drafts are stamped as unpaid on July 27, 2006,

4

by the drawee bank, Western National Bank in Midland, TX. *Id.* Mr. Foster maintains Arrington dishonored the drafts because "it decided to withdraw its activity in the county." Foster Aff. ¶ 12.

Plaintiffs filed their complaint on September 22, 2009, alleging breach of contract, fraud, and seeking compensatory as well as punitive damages. They now seek partial summary judgment on their breach of contract claim, arguing (1) binding contracts exist between the parties; (2) the language of the drafts contradicts the language of the leases, and the draft language should control; (3) plaintiffs warranted their title and should have had an opportunity to cure any defects; and (4) the drafts were unconditional promises to pay by Arrington. Arrington objects, arguing (1) the drafts contained at least one condition precedent of title approval; (2) because the conditions precedent failed and the potential agreement lacked mutuality, no contract was formed; and (3) the plaintiffs do not hold clear title to the mineral interests they attempted to lease to Arrington.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issue of material fact exist and the movant is entitled to judgment as a matter of law." *Christoffersen v. Yellow Book U.S.A.*, 536 F.3d 947, 949 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005)).

"A party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. Further, "[t]he nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal citation and quotation marks omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 247-48 (1985). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine . . . ." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). It does not weigh the evidence or make credibility determinations. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

Summary judgment on plaintiffs' breach of contract claim is appropriate because a contract formed between the parties and Arrington failed to pay on the contract. Pursuant to the analysis in *Whistle v. David Arrington Oil & Gas, Inc.*, Case No. 2:08-CV-00037-BSM (June 1, 2009) (Doc. No. 48), the draft placed only one condition precedent, title approval by Arrington, on the formation of each lease contract. In *Hall v. Arrington*, this court held that Arrington's admission in *Kemmer v. Arrington Oil & Gas, Inc.*, Case No. 2-09-CV-0073-BSM, that it denied payment on *all drafts drawn for leases in Phillips County after July 26, 2006*, based on its belief that extraction there was not viable was dispositive of the question whether Arrington dishonored the drafts because of title disapproval. Specifically, Arrington represented that financial considerations and the drilling of at least one "dry hole"

7

were the reasons behind its decision to dishonor the drafts. Indeed, given Arrington's inculpating admission, no reasonable jury could find that Arrington dishonored the drafts based on its good faith disapproval of the Hall's title.

Because the claims of the plaintiffs are so factually similar to those of the plaintiffs in *Hall*, that case compels partial summary judgment in their favor. Like that of the Halls, the real property owned by plaintiffs is situated in Phillips County, Arkansas. Furthermore, the plaintiffs' drafts were all dishonored after July 26, 2006, placing them in within the scope of Arrington's admission. As in *Hall*, no genuine issue of material fact exists, and, therefore, partial summary judgment in favor of the plaintiffs is granted.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion for summary judgment (Doc. Nos. 24, 49) is granted in part and denied in part.

IT IS SO ORDERED THIS 8th day of September, 2010.

                                                  */s/ Brian S. Miller*
                                        UNITED STATES DISTRICT JUDGE