**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

**WINSTON P. FOSTER, JR.,
MARY NED FOSTER, AND
MARY FRANCES GASTON**                                                                **PLAINTIFFS**

**v.**                          **CASE NO. 2:09CV00147 BSM**

**DAVID H. ARRINGTON OIL AND GAS, INC.**                              **DEFENDANT**

**ORDER**

Plaintiffs move for an award of prejudgment interest, attorneys' fees, and costs. [Doc. Nos. 51, 52]. Defendant David H. Arrington Oil and Gas, Inc. ("Arrington") has filed a response and brief in opposition, [Doc. Nos. 59, 60] and plaintiffs have replied. [Doc. No. 65]. For the reasons set forth below, plaintiffs' motion is granted in part.

I. BACKGROUND

Plaintiffs Winston P. Foster, Jr., Mary Ned Foster, and Mary Frances Gaston brought this civil action in September 2009 seeking damages for Arrington's decision to dishonor drafts attendant to several oil and gas leases. The complaint sought recovery under several theories including breach of contract, unjust enrichment, promissory estoppel, and fraud. On September 8, 2010, partial summary judgment on the breach of contract claim was granted in favor of the plaintiffs and against Arrington. [Doc. No. 46]. On September 20, 2010, plaintiffs moved to voluntarily dismiss the remaining causes of action with prejudice pursuant to Federal Rule of Civil Procedure 41. That motion was granted on October 7, 2010, and a final judgment was entered on October 13, 2010 awarding plaintiffs Winston

and Mary Ned Foster damages in the amount of $652,755, plus postjudgment interest of .26% per annum until paid, and plaintiff Mary Frances Gaston damages in the amount of $114,498, plus postjudgment interest of .26% per annum until paid. [Doc. No. 50].

Arrington timely filed a notice of appeal to the Eighth Circuit. Arrington's appeal, however, is currently stayed pending a ruling on the present motion. This is because plaintiffs' motion for attorneys' fees and costs, filed on October 27, 2010, also sought to recover prejudgment interest. The Supreme Court has held that such a motion constitutes a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) and thus renders a previously filed notice of appeal ineffective. *See* Fed. R. App. P. 4(a)(4); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989).

## II. DISCUSSION

Plaintiffs are hereby awarded prejudgment interest in the amount of $193,978.37, attorneys' fees in the amount of $37,708.30, and costs in the amount of $710.91. Because federal jurisdiction is based on diversity of citizenship, the substantive law of Arkansas, the state in which the cause of action originally accrued, controls.

A.  Prejudgment Interest

Under Arkansas law, prejudgment interest must be awarded when the prevailing party's damages are "definitely ascertainable by mathematical computation." *S. Bank of Commerce v. Union Planters Nat'l Bank*, 289 S.W.3d 414, 418-19 (Ark. 2008). The damages herein are certainly ascertainable because they equal the amount of the unpaid

drafts. Because the lease contract specified no rate of interest, prejudgment interest will be fixed at a rate of 6% per annum pursuant to article 19, section 13 of Arkansas Constitution. Accordingly, prejudgment interest is awarded to Winston and Mary Ned Foster, in the amount of $165,030.77, which is the total damages awarded, $652,755, at 6% per annum for 1,538 days; and to Mary Frances Gaston, in the amount of $28,947.60, which is the total damages awarded, $114,498, at 6% per annum for 1,538 days.

B.  Attorneys' Fees

For a complete analysis of this issue, see the companion orders filed today in *Hall v. Arrington Oil & Gas, Inc.*, No. 2:09CV00091 and *Smith v. Arrington Oil & Gas, Inc.*, No. 2:09CV00101. It is hereby determined that plaintiffs should be awarded $37,708.30 in attorneys, fees, which represents 60% of $62,847.16, the value of the time billed by plaintiffs' counsel. The billing statement indicates that three attorneys and two paralegals worked on the case. Lead counsel billed 69.1 hours at a rate of $275 per hour; a junior partner billed 149.15 hours at $225 per hour; an associate billed 30.46 hours at $175; a senior paralegal billed 11.46 hours at $100 per hour; and a junior paralegal billed 33.85 hours at $75 per hour. Given the complexity of this case and the number of issues raised herein, these fees, as reduced, are reasonable.

C.  Costs

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, costs in the amount of $710.91 are hereby awarded.

Accordingly, the motion for prejudgment interest, attorneys' fees, and costs [Doc. No. 51] is granted in part and prejudgment interest is awarded to Winston and Mary Ned Foster in the amount of $165,030.77 and Mary Frances Gaston in the amount of $28,947.60; attorneys' fees are awarded in the amount of $37,708.30; and costs are awarded in the amount of $710.91.

IT IS SO ORDERED this 2nd day of March, 2011.

/s/ Brian S. Miller
UNITED STATES DISTRICT JUDGE